**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Cynthia R. Hill,

        Plaintiff,

    v.

Nexstar Media Group, Inc. and
Nexstar Media Inc.,

        Defendants.

Case No. 2:25-cv-906
District Judge James L. Graham
Magistrate Judge S. Courter Shimeall

---

Cynthia R. Hill,

        Plaintiff,

    v.

Nexstar Media Group, Inc. and
Nexstar Media Inc.,

        Defendants.

Case No. 2:25-cv-907
District Judge James L. Graham
Magistrate Judge S. Courter Shimeall

Opinion and Order

Proceeding *pro se*, plaintiff Cynthia R. Hill filed two identical actions in state court. The actions sought to vacate an arbitration award which had been issued in favor of her employer, defendants Nexstar Media Group, Inc. and Nexstar Media Inc. Nexstar removed the actions to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1446(c). Pending before the Court are plaintiff's motion to remand and Nexstar's motion to transfer venue to the United States District Court for the Northern District of Texas, Dallas Division. For the reasons stated below, the Court denies the motion to remand and grants the motion to transfer venue.

I.

Nexstar hired Hill under an Employment Agreement dated April 13, 2022. Hill's place of employment was Columbus, Ohio. Nextstar is a Delaware corporation with its principal place of business in Irving, Texas. The Employment Agreement contained a choice-of-law provision selecting Texas law to govern any dispute relating to the Agreement. *See* Employment Agr., § 13. It also

1

contained an arbitration provision directing that any dispute related to the Agreement or Hill's employment would be resolved through binding arbitration. *See id.*, § 16. The arbitration provision further stated that the "exclusive venue" for any court proceeding falling outside of the arbitration procedure would be Dallas County, Texas. *See id.*, § 16.

Hill's employment was terminated on July 2, 2023 pursuant to a Severance Agreement, for which Hill retained legal counsel to negotiate. The Severance Agreement contained a release of claims, specifically releasing claims for employment discrimination under federal and state law.

Representing herself, Hill filed a demand for arbitration with the American Arbitration Association on August 15, 2024. In her Specification of Claims, Hill alleged that Nexstar had wrongfully terminated her on the basis of her race and gender. The arbitration proceeding was assigned to an arbitrator in Texas, in accordance with the Employment Agreement's arbitration provision.

On April 22, 2025, the arbitrator issued a decision and award in Nexstar's favor. The arbitrator found that Hill's claims were plainly released by the Severance Agreement. The arbitrator further found that Hill had engaged in sanctionable conduct during the course of the arbitration proceedings, including by continuing to pursue frivolous claims even after she was given the opportunity to voluntarily dismiss her demand when Nexstar moved to dismiss and moved for an award of sanctions. The arbitrator issued a total award to Nexstar in the amount of $76,644.50, which included Nexstar's costs and attorney's fees, as well as the American Arbitration Association's fees and expenses.

Now a resident of Miami, Florida, Hill filed an action in the Court of Common Pleas of Franklin County, Ohio. The complaint was labeled as a "motion to vacate arbitration award." Having apparently made errors in attaching exhibits to the complaint, Hill filed a second action in state court. The second action had the same complaint as the first, but with the exhibits presented in the manner Hill wanted them to be.

Nexstar removed both actions on the basis of diversity jurisdiction. Following removal, Hill moved for remand and Nexstar moved to transfer venue.

II.

As an initial matter, Hill states that the two actions are "duplicative" and the first-filed action (assigned as Case No. 2:25-cv-906 in this Court) contained "defective" exhibits. She requests that the first-filed case be terminated, and Nexstar states that it does not oppose Hill's request. Accordingly,

the Court will terminate Case No. 2:25-cv-906 without prejudice and will deny as moot Nexstar's motion to consolidate.

Hill has moved to remand her second-filed case (Case No. 2:25-cv-907). She argues that this Court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000. *See* 28 U.S.C. § 1332(a). In her view, the arbitration award of $76,644.50 includes a substantial amount of costs which should not be counted toward the amount in controversy.

Hill's position is understandable but mistaken. Section 1332(a) states that district courts shall have subject matter jurisdiction of all civil actions having parties of diverse citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." But the word "costs" in § 1332(a) is referring to "costs which might be awarded in connection with the federal diversity proceedings." *Farmers Ins. Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979). Thus, the "costs" which do not count towards the amount in controversy are any potential costs awarded in the federal court action, not the costs already awarded in some underlying proceeding which is being challenged in federal court. *See id.*; 14B Wright & Miller Fed. Prac. & Proc. Juris. § 3711 (5th ed.) ("Of course, when the subject matter of the controversy happens to be or include the costs awarded in an earlier lawsuit, they may be considered in computing the jurisdictional amount."). Federal courts have uniformly included the costs awarded in an arbitration proceeding when evaluating the amount in controversy in an action where a party seeks to vacate the arbitration award. *See, e.g., Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 260 (6th Cir. 1994); *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) ("Those [arbitration] costs are properly included in the calculation of the amount in controversy.").

In determining the amount in controversy, the Court must look to the amount of the arbitration award which plaintiff seeks to vacate. *See Ford*, 29 F.3d at 260; *Walker v. USA Swimming, Inc.*, No. 3:16-0825, 2017 WL 782970, at *2–3 (M.D. Tenn. Mar. 1, 2017). Because that amount exceeds $75,000, the Court has diversity jurisdiction and the motion to remand is denied.

## III.

A district court may, for "the convenience of parties and witnesses" and "in the interest of justice," transfer "any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district court ruling on a motion to transfer under § 1404(a) should consider "the private interests of the parties, including their convenience and the convenience of potential witnesses," public-interest concerns, and

whether the transfer is in the interests of justice. *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). A motion under § 1404(a) is an appropriate "mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atlantic Marine Constr. Co. v U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). Indeed, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62.

There is no dispute that this action could have been brought in Texas, as Nexstar has its headquarters there. *See* 28 U.S.C. § 1391(b). Moreover, the parties expressly agreed that "any court proceeding" arising from the employment relationship would be brought in Dallas County, Texas. There is no indication on the record which would cause the Court to doubt the validity of the Employment Agreement.

Hill opposes a transfer of venue and argues that the scope of the Employment Agreement does not extend to "post-employment issues." *See* Case No. 2:25-cv-907, Doc. 13 at PAGEID 1212. The Court recognizes that this dispute is not about the legality of Nexstar's termination of Hill's employment. Rather, it is a challenge to the enforceability of the arbitration award. *Cf. Badgerow v. Walters*, 596 U.S. 1, 9 (2022) ("Recall that the two are now contesting not the legality of Badgerow's firing but the enforceability of an arbitral award.").

The Court thus must consider whether the parties intended for the current dispute to fall within the scope of the Employment Agreement's forum selection clause. *See R. M. Bush & Co. v. Nationwide Mut. Ins. Co.*, No. 2:24-CV-4311, 2025 WL 1413394, at *5 (S.D. Ohio May 15, 2025). The unambiguous language of the Agreement shows that they did so intend. The Agreement's arbitration provision states that "any and all disputes or claims related in any manner whatsoever to this Agreement and/or to [Hill's] employment" shall be resolved through arbitration. Employment Agr., § 16. It further provided that if the parties had "any claim" which was not "subject to . . . the arbitration procedure," then the "exclusive venue for any court proceeding shall be in Dallas County, Texas." *Id.*

Another judge of this Court found under similar circumstances that a forum selection clause applied to a court proceeding to vacate or modify an arbitration award. In *R. M. Bush*, the employment contracts contained both an arbitration provision and a forum selection clause. The court explained that the two provisions were not incongruent because a "'case that proceeds to arbitration may nevertheless require that a court enter a judgment pursuant to the arbitral award. . . . Additionally,

following arbitration, a party may initiate litigation to request that a court vacate an arbitration award.'" *R. M. Bush*, 2025 WL 1413394, at *5 (quoting *Higman Marine Services, Inc. v. BP Amoco Chem. Co.*, 114 F.Supp.2d 593, 596–97 (S.D. Texas 2000)). The court held that a court proceeding to vacate or modify the arbitration award was therefore governed by the parties' forum selection clause. *See id.*, 2025 WL 1413394, at *6 (citing cases). *See also ChampionsWorld, LLC v. U.S. Soccer Fedn., Inc.*, 487 F.Supp.2d 980, 988–89 (N.D. Ill. 2007) ("Courts have held that forum selection clauses are not inherently inconsistent with arbitration agreements, since arbitration awards are not self-enforcing, and the parties may have merely intended to prescribe the method of judicial enforcement of arbitration.").

The same analysis applies here. Given that the forum selection clause appears within the arbitration provision of the Employment Agreement, the Court concludes that the parties intended for "any court proceeding" seeking to vacate the arbitration award to be brought in Texas. Hill's present suit, which seeks to vacate the arbitration award, must be brought in Texas.

IV.

Accordingly, the Court instructs the Clerk of Court to terminate Case No. 2:25-cv-906. Defendant's motions to consolidate and stay (Doc. 9, Case No. 2:25-cv-907) are DENIED as moot. Plaintiff's motion to remand (Doc. 8, Case No. 2:25-cv-907) is DENIED.

Defendant's motion to transfer venue (Doc. 9, Case No. 2:25-cv-907) is GRANTED. Case No. 2:25-cv-907 is hereby TRANSFERRED to the United States District Court for the Northern District of Texas, Dallas Division.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: March 20, 2026

5